UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX TAPIA,<br><br>      Plaintiff,<br><br>-against-<br><br>REBECCA LISA DAOGLIAO; ALBERT OLIVER; CITY OF NEW YORK; GOVERNOR OF NEW YORK KATHY HOCHUL; FBI DIRECTOR CHRISTOPHER WRAY; U.S. DEPARTMENT OF JUSTICE INSPECTOR GENERAL; PRESIDENT DONALD TRUMP; MERRICK GARLAND; STATE OF NEW YORK,<br><br>      Defendants. | 25-CV-1456 (AS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Felix Tapia, who currently is detained on Rikers Island awaiting trial on state-court charges of sexual assault of a minor, brings this action, *pro se*, under 42 U.S.C. § 1983. He seeks to challenge his ongoing criminal proceedings, claiming that defendants have failed to inform the state-trial court presiding over Tapia's proceedings, and the prosecuting authorities, of his innocence.

  By order dated March 3, 2025, the Court granted Tapia's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses this action, with 30 days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

Tapia brings this action seeking this Court's intervention in his ongoing state-court proceedings. He names as defendants (1) Rebecca Lisa Daogliao and Albert Oliver, who he identifies as "FBI Fugitive Detectives"; (2) former Federal Bureau of Investigations ("FBI") Director Christopher Wray, former U.S. Attorney General Merrick Garland, U.S. Department of Justice Inspector General, and President Donald Trump; (3) the State of New York and New York State Governor Kathy Hochul; and (4) the City of New York.

The following facts are drawn from the complaint.[2] In October 2021, when Tapia was incarcerated at Mohawk Correctional Facility on charges unrelated to his pending criminal proceedings, Daogliao and Oliver visited Tapia and informed "Ms. Duffer Uncle which is the FPC Quick Chill Supervisor . . . [that] it was me they w[]ere looking for." Dkt. 1 at 7. Daogliao informed several Mohawk correctional staff in Tapia's presence that "Felix Tapia is innocent on his sexual assault charges coming up, and we both have a letter/document to prove his innocence, have your attorney contact us when the time comes!" *Id.* Tapia alleges that Daogliao and Oliver "know Im illegally incarcerated and if convicted can do 'Life in Prison!' And have yet to come to court, or Rikers Island, to hand in the letter/document's to prove my innocence or mail me the letter/document's to prove my innocence!" *Id.* at 7–8.

Tapia contends that "NYPD Mr. Bharadway Child Abuse Detective on this case failed to follow New York 'arresting' guidelines and never originally commenced a full investigation that would theoretically reveal Plaintiff's innocence." *Id.* at 8. "Bharadway claims FBI seen nothing in the computer that proves Mr. Oliver and Ms. Daogliao made contact with me at Mohawk Corr Fac ever!" *Id.* Tapia also contends that he is "experiencing ineffective counsel where counsel purposely go's against Plaintiff wishes and failing to conduct background investigation." *Id.* at 9. Finally, Tapia contends that

> Oliver is behind the sexual assault charge, and this is another reason why NYPD is not opening up an investigation, or the FBI, or all legislators because my complaints state that Mr. Oliver checked my channel and made me sexually assault my child using FBI Fugitive Detective government technology MKultra using mind control program. . . . Also on 10-2-24 FBI Detective made contact with me, "Mr. Oliver," and stated he has been under sorcery distress for many years and he stated he has been raping his daughter with FBI Detective Ms. Daogliao and mind controlling both of them to act like nothing is happen!

*Id.* at 9–10.

Tapia seeks an order from this Court directing Daogliao and Oliver to forward documents showing his innocence to the state-trial court and prosecuting authorities. He also seeks money

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

damages "for the sexual battery claim, groping, [and] sodomy," as well as other acts of sexual violence. *Id.* at 21.

## DISCUSSION

Tapia brings this action under § 1983 against federal, state, and city defendants, seeking this Court's intervention in his ongoing criminal proceedings. For the following reasons, the Court declines to intervene in these proceedings.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not intervene in a pending state court criminal proceeding in the absence of special circumstances. A federal court must abstain from exercising jurisdiction if "(1) there is an ongoing state criminal proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999). "[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). Moreover, "a pending state prosecution [ordinarily] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Where a plaintiff can show special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate, a federal court should not abstain from exercising jurisdiction. For example, if a "proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," abstention may not be warranted. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Moreover, where a plaintiff claims irreparable injury, "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46 (internal quotation marks and citation omitted).

The Court must abstain from intervening in Tapia's ongoing criminal proceedings because the State of New York has a clear interest in adjudicating this criminal matter and Tapia does not plead any facts suggesting that he cannot raise his claims of innocence in his state court proceeding. Moreover, the complaint does not plead facts showing any exceptional circumstances suggesting bad faith, harassment, or a "great and immediate" irreparable injury. *See id.* The Court therefore abstains from exercising jurisdiction and dismisses the action for lack of subject matter jurisdiction. *See Diamond "D" Const. Corp.*, 282 F.3d at 197 ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court concludes that it would not be futile to grant Tapi leave to amend his claims seeking money damages against defendant Albert Oliver. Dkt. 1 at 21. Although these claims appear to be frivolous because they are "fanciful," *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that a complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly

baseless'—that is, if they are 'fanciful,' 'fantastic[,]' or 'delusional'" (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992))), and consequently are subject to dismissal under the IFP statute, *see* 28 U.S.C. § 1915(e)(2)(B)(i), in an abundance of caution, the Court grants Tapia 30 days' leave to amend his complaint to plead facts in support of these claims. The Court reminds Tapia that any claims he seeks to assert against Oliver must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

## CONCLUSION

Tapia's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 12, 2025
   New York, New York

                ARUN SUBRAMANIAN
                United States District Judge